FILED
SUPERIOR COURT
OF GUAM

2019 FEB -1 PM 2: 45

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DALLAS BERRINGER,<br><br>               Plaintiff,<br><br>      vs.<br><br>KJ ENTERPRISES, LLC,<br><br>            Defendant. | Superior Court Case No. <u>CV1020-18</u><br>                    <u>SD0517-18</u><br><br>**DECISION AND ORDER REMANDING<br>ACTION** |

The Court considers whether it should proceed to a trial de novo in light of a default judgment rendered by the Small Claims Court. The Court finds it appropriate for the Small Claims Division to address Defendant KJ Enterprises, LLC's default before advancing to a trial de novo.[1] This matter is therefore STAYED pending a REMAND to the Small Claims Division.

## I.   **PROCEDURAL BACKGROUND**

In SD0517-18, following a hearing before a Small Claims Division Referee, the Clerk of Court entered default, recognizing that KJ Enterprises had been served with process and failed to appear and answer Berringer's Declaration. The Clerk also issued a Default Judgment for $7,140.32, plus interest at the prejudgment rate, and costs of $218.00.

KJ Enterprises filed a Motion for New Trial, initiating this civil action. Seeing that the Motion for New Trial seeks a trial de novo from a default judgment, the Court ordered the parties

---

[1] Plaintiff Dallas Berringer is self-represented; Curtis Van de veld represents KJ Enterprises.

ORIGINAL

to brief the propriety of this proceeding. KJ Enterprises filed a brief arguing that this Court should proceed; Berringer did not file a brief.

## II.    LAW AND DISCUSSION

Title 7, Chapter 4, Article 2 of the Guam Code created the Small Claims Division within the Superior Court. 7 GCA § 4201. The law also prescribes the creation of rules and regulations which shall, among other items, "provide . . . for **appeal de novo** to the Superior Court of Guam as may be appropriate." 7 GCA § 4206 (emphasis added).

The Judicial Council formulated the Small Claims Rules and Procedures to govern the handling of small claims cases. Upon the issuance of a judgment in small claims, if the defendant "is dissatisfied, he may . . . make a motion for a new trial" and pay a filing fee. MR 5.1.29. "Upon the payment of the filing fee and the completion and filing of the form set forth above, the right to a new trial is absolute and a trial de novo shall be granted in the Superior Court under the rules of the Superior Court excepting that no further pleadings shall be required of either party." MR 5.1.30.

The Judiciary has also fashioned a series of forms applicable to small claims cases. One such form allows a party to move to set aside a default judgment. *See* http://www.guamcourts. org/Small-Claims-Court/images/Motion_and_Notice_to_set_aside.pdf. The Court's website also offers guidance to small claims parties. Under this guidance, the Court issues the following Q&A:

> What happens if you are properly served with the Summons and Declaration and do not go to the hearing?
>
> If you do not show up at the hearing and the plaintiff has proof that you were served, the court may enter a Default Judgment. If you have a very good reason why you did not show up to the hearing, you can request with the court to vacate the Default Judgment. A form called, Notice of Motion, which can be obtained

ORIGINAL

at the Small Claims counter must be filled out and returned back for a hearing date.

*See* http://www.guamcourts.org/Small-Claims-Court/Small-Claims-Court-Defendant-Questions.html. Therefore, when a defendant receives a default judgment, it has a remedy in asking the Small Claims Court to vacate its decision. In KJ Enterprises' case, for example, it may argue that court improperly rendered the default. The Rules also permit KJ Enterprises to move for a trial de novo, but that does not rule out the other option of seeking to set aside the default.

The law gives this Court the power in an appeal setting (7 GCA § 4206) to remand the case for a determination of whether or not default should be set aside. The Court finds it appropriate to remand for two reasons. First, a mechanism exists that allows KJ Enterprises to challenge a default. Second, a default should be addressed before compelling a plaintiff--who has already expended its resources to bring a claim against a defendant--to relitigate. It would defeat the purposes of the Small Claims Division if a party could disregard the Division's legal processes, which includes responding to summons, wait for a judgment, and then move for a new trial and force the plaintiff to go through the process all over again just because the defendant chose to sit out on the small claims case. In other words, a trial de novo that erases a party's default provides no penalty for failing to appear in small claims court and enables a defendant to discount court proceedings. This runs contrary to the well-established principles of conserving judicial resources and efficient litigation.

The Court acknowledges that the Small Claims Rules contain no language on defaults or default judgment, which may confuse a small claims litigant into thinking the only way to timely contest a default judgment is by filing a motion for a new trial. Nonetheless the Judiciary

ORIGINAL

provides a form for setting aside a small claims default judgment, and the Court's website instructs a small claims litigant on how to seek to set aside a default judgment. This Court upholds the Judiciary's guidance under the present circumstances.

## III.   CONCLUSION

The Court finds that the appropriate resolution here is to remand this case to the Small Claims Division for a determination of whether the default was proper, and after making that finding, to take whatever other action follows. Within the scope of its appellate powers, the Court REMANDS this matter to the Small Claims Division for further proceedings. This civil matter shall be STAYED until resolution by the Small Claims Division.

SO ORDERED this 1st day of February 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Received for Service

_____ M

_____ 20 _____

Marshal, Superior Court
Of Guam

ORIGINAL